# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. CR-18-177-D |
| GERARDO SEGOVIA MARTINEZ, | ) ) ) ) | |
| *Defendant*. | ) | |

## O R D E R

Before the Court is Defendant Gerardo Segovia Martinez's Motion to Reconsider [Doc. No. 690], moving the Court to reconsider Defendant's release pending sentencing. The government has responded in opposition [Doc. No. 695].

## BACKGROUND

Defendant seeks the reconsideration of his statutorily mandated detention, citing to concerns of the impact of the COVID-19 pandemic. *See* Motion [Doc. No. 690]. Defendant was detained after being convicted at trial of both drug and international money laundering offenses [Doc. No. 656]. He was arrested in June 2018 as part of a sweep of arrests made in connection with a wide-ranging drug conspiracy run by Irma Lujan. Defendant was ultimately charged with, *inter alia*, drug conspiracy, possession of methamphetamine with intent to distribute, international money laundering, and witness tampering [Doc. No. 535].

Following his conviction, Defendant was remanded to the custody of the United States Marshal, and the Court denied his request to remain on bond pending sentencing.

Defendant is presently being held at the Grady County Jail.

## STANDARD OF DECISION

18 U.S.C. § 3143(a) governs the release or detention of a defendant pending sentencing and states as follows:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2); *accord United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997).

Alternatively, a defendant could obtain release under 18 U.S.C. § 3145(c), by meeting the conditions of release set forth in 18 U.S.C. § 3143(a)(1) and by making a clear showing of exceptional reasons why his detention would not be appropriate. *Kinslow*, 105 F.3d at 557; *see also United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991); *United States v. Lopez*, 184 F. Supp. 3d 1139, 1142 (D. N. M. Apr. 21, 2016) ("If the defendant cannot meet § 3143's requirements, the only way a defendant may remain out of custody pending sentencing is by showing that there are exceptional reasons why

detention would not be appropriate, and by showing by clear-and-convincing evidence that he or she is not a flight risk or a danger to the community.").

## DISCUSSION

A jury found Defendant guilty on multiple counts of possession of methamphetamine with intent to distribute, as well as drug conspiracy. These charges carry a maximum sentence of ten years or more, making Defendant's detention statutorily mandated. *See* 18 U.S.C. § 3143 (a)(2); 18 U.S.C. § 3142 (f)(1)(C). Defendant, by his motion, does not suggest a new trial or acquittal will be granted, and as such, his request under § 3143 (a)(2) must fail. *See United States v. Irvin*, 2 F.3d 72, 73 n.1 (4th Cir. 1993) (both § 3143(a)(2) factors must be met to warrant release).

Defendant may nevertheless argue for release under 18 U.S.C. § 3145(c), by meeting the conditions of release set forth in 18 U.S.C. § 3143(a)(1). *See Kinslow*, 105 F.3d at 557. And although the relevant statutory provisions are never mentioned in his briefing, indeed, Defendant's argument boils down to a re-urging that he is neither a danger to the community nor a flight risk, and the COVID-19 pandemic constitutes an exceptional reason why his detention would not be appropriate. Motion at 3.

Defendant Martinez has ties to Mexico, his country of origin. He is facing the prospect of a long sentence for being convicted of offenses involving the distribution of more than 9,000 individual hits of methamphetamine. This history of involvement in large-scale drug trafficking and distribution makes him a present danger to the community. *See, e.g., United States v. Villapudua-Quintero*, 308 F. App'x 272, 273

(10th Cir. 2009) (affirming the finding that defendant presented a danger to the community where the crime "involves a copious amount of methamphetamine"). That Defendant was previously compliant with pretrial conditions, at a time when Defendant was hopeful that he would be acquitted of his charges, is insufficient to show by clear and convincing evidence that he would neither flee nor present a danger to the community.

As to the arguments raised relating to COVID-19, Defendant does not allege he has been exposed to the SARS-CoV-2 virus, nor that anyone he is in contact with has been diagnosed with COVID-19, nor that any of his family members have been diagnosed. Administrators at the Grady County Jail have established comprehensive precautionary measures. Amidst a global pandemic placing hardship on millions of Americans, Defendant's situation is far from exceptional.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider [Doc. No. 690] is DENIED.

**IT IS SO ORDERED** this 3rd day of April, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge